UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE RETIREES OF THE GOODYEAR TIRE & RUBBER CO. EMPLOYEE HEALTHCARE TRUST COMMITTEE, | ) ) ) ) | CASE NO. 5:19-cv-1893 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| PAMELA STEELY, et al., | ) ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion to amend the judgment under Fed. R. Civ. P. 59(e). (Doc. No. 15–16 ["Mot."]). Defendants filed a response in opposition (Doc. No. 18 ["Opp'n"][1]) and plaintiff filed a reply (Doc. No. 19 ["Reply"]). As set forth herein, the motion is granted.

I. **MOTION UNDER FED. R. CIV. P. 59(e) (Doc. No. 15)**

On December 31, 2019, this Court issued a Memorandum Opinion and Judgment Entry (Doc. Nos. 11, 12) dismissing this case without prejudice, under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. The Court determined that plaintiff could not establish that this lawsuit addresses an ERISA plan and, therefore, there was no subject matter jurisdiction to pursue an ERISA claim.

On January 27, 2020, plaintiff timely filed its motion under Rule 59(e). Rule 59 relief may be granted based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening

---

[1] In their opposition brief, defendants request that the Court "issue Rule 11 sanctions, award [them] fees and expenses and grant any and all other relief the Court deems appropriate." (Opp'n at 447 (all page number references herein are to the page ID number generated by the court's electronic docketing system).) To the extent it can be construed as a motion, this request is denied.

change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Plaintiff seeks to amend "by vacating th[e] Judgment to correct clear errors of law and to prevent a manifest injustice." (Mot. at 254.)

In support of its motion, plaintiff relies upon *Daft v. Advest, Inc.*, 658 F.3d 583 (6th Cir. 2011), which plaintiff inexplicably failed to cite in its opposition to defendants' Rule 12(b)(1) motion to dismiss, and which the Court's own research at the time did not reveal. Nonetheless, this Court cannot now ignore the holding in *Daft*, where the court of appeals was confronted with the question of whether the existence of an ERISA plan was jurisdictional, and found:

> [R]ecent Supreme Court precedent has abrogated the conclusion, assumed in our previous cases and explicitly adopted in the majority of our sister circuits, that the existence of an ERISA plan is a prerequisite to federal subject-matter jurisdiction.

*Id.* at 589 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)).[2] The court held that, "in light of *Arbaugh* and its progeny, the existence of an ERISA plan must be considered an element of a plaintiff's claim under Section 502(a)(1)(B), not a prerequisite for federal jurisdiction." *Id.* at 590–91. "Because the existence of an ERISA plan is not a jurisdictional prerequisite, federal subject-matter jurisdiction lies over [p]laintiffs' suit as long as they raise a colorable claim under ERISA." *Id.* at 593.

The complaint here alleges, *inter alia*, that the action is brought to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of ERISA (Doc. No. 1, Complaint ["Compl."] ¶ 1); that plaintiff serves as the plan sponsor and named fiduciary (*id.* ¶ 4); that defendant Pamela Steely was a participant in the plan (*id.* ¶ 10); that Steely sustained personal injuries in an accident (*id.* ¶ 11); that the plan paid various medical benefits on Steely's behalf in

---

[2] In their opposition brief, defendants offer no discussion regarding the holding in *Daft*.

the amount of $434,688.45 (*id*. ¶ 12); that the plan contains a provision requiring reimbursement from settlement proceeds (*id.* ¶ 13); that Steely settled her personal injury claim for $439,500.00 (*id*. ¶ 15); and that Steely and her personal injury attorneys, defendant Eshelman Legal Group, have refused to reimburse the plan from the proceeds of the settlement funds (*id*. ¶ 22). These allegations raise a colorable claim under ERISA, and defendants have not argued otherwise.[3]

In light of the holding in *Daft*, the Court concludes that it was an error of law to dismiss this case on the basis of lack of subject matter jurisdiction.[4] Plaintiff moves the Court to vacate its earlier decision and to "enter a non-final order denying the [d]efendants' motion to dismiss and allowing the case to proceed to a decision on the merits." (Mot. at 254.) The Court agrees that this is the best course of action, given both the Court's original erroneous decision under Rule 12(b)(1) and defendants' failure to sufficiently argue under Rule 12(b)(6) in their motion to dismiss.

Therefore, the Court hereby vacates the Memorandum Opinion (Doc. No. 11) and Judgment Entry (Doc. No. 12), denies defendants' motion to dismiss (Doc. No. 6), and directs the clerk to reopen this case.

That, however, does not end the analysis. The majority of plaintiff's argument in its Rule 59(e) motion goes to the merits of the fundamental question of whether the plan at issue is a true ERISA plan. To that extent, plaintiff's motion is seeking reconsideration—arguing that, in answer to this fundamental question, the Court committed legal error by concluding that the plan was *not*

---

[3] Defendants styled their original motion to dismiss as one brought under both Rule 12(b)(1) and Rule 12(b)(6), but included no separate argument addressing the latter. Therefore, this Court construed the motion as seeking dismissal only for lack of subject matter jurisdiction, not for failure to state a claim. (*See* Doc. No. 11, Memorandum Opinion at 227 n.1.) In light of these allegations raising a colorable ERISA claim, the complaint would have survived a properly-argued Rule 12(b)(6) motion.

[4] Having accepted the argument that there was a legal error requiring that the judgment be vacated, the Court need not address plaintiff's additional argument that such action will also prevent manifest injustice.

an ERISA plan. The Court need not address this question now and, given that it has denied defendants' motion to dismiss, the question will remain for another day.

That said, although the original memorandum opinion and judgment must be set aside due to the holding in *Daft*, the Court cannot ignore that it has already made a determination that the case does not involve a proper ERISA plan. Arguably, the parties might fairly expect the Court to issue virtually the same order at such time as the issue becomes ripe for determination. For this reason, the Court will also examine whether there is any need to recuse upon the reopening of the case.

Recusal is generally required "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southerland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (quotation marks and citation omitted). "This standard is objective[,]" *id*. (emphasis omitted) (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)), and is not generally demonstrated merely from the "judge's view of the law, which may have been expressed . . . in some prior case." *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956) (citations omitted). That said, "a judge is obliged to disqualify [her]self where there is a close question concerning [her] impartiality[.]" *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (citation omitted).

Here, in a detailed legal opinion following full briefing on defendants' motion to dismiss, this Court determined that, under its view of the relevant law, the plan at issue is not an ERISA plan. Even though that decision is now being properly vacated under the holding in *Daft*, the Court believes that recusal is prudent because, during the briefing on the motion to dismiss, the parties already largely briefed—and the Court already ruled upon—the ultimate issue in the case. Although the now-vacated decision alone does not demonstrate *any* sort of bias or partiality on the

4

part of the undersigned, it might cause the appearance, upon reopening, that this presiding judicial officer has predetermined the case. *See Liteky v. United States*, 510 U.S. 540, 547–48, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) (explaining that the "catchall" recusal provision added to 28 U.S.C. § 455 in 1974 requires an interpretation that "what matters is not the reality of bias or prejudice but its appearance[]").

Under these specific circumstances, and to give the parties the fair benefit of fresh eyes, the Court believes recusal is the appropriate route.[5]

## II. CONCLUSION

For the reasons set forth herein, plaintiff's motion (Doc. No. 15) under Fed. R. Civ. P. 59(e) to vacate the previous Memorandum Opinion (Doc. No. 11) and Judgment Entry (Doc. No. 12) is **granted**. The Memorandum Opinion and Judgment entry are vacated and shall be stricken from the record.

The Clerk is directed to reopen this case effective as of the date of the instant Memorandum Opinion and Order. Defendants' now revived motion to dismiss (Doc. No. 6) is **denied**.

---

[5] The Court notes once again, as it did in footnote 3 of the now-vacated memorandum opinion, that, from the outset, it believed this case should have been assigned to the original district judge who approved the settlement agreement that established the plan at issue. *See Redington, et al. v. The Goodyear Tire & Rubber Co.*, 5:07-cv-1999-JRA. That Settlement Agreement stated that "[t]he Court will, subject to Section 9 [dealing with Dispute Resolution], retain exclusive jurisdiction to resolve any disputes relating to or arising out of or in connection with the enforcement, interpretation or implementation of this Settlement Agreement."

Finally, for the reasons given, the undersigned recuses herself under 28 U.S.C. § 455(a) and returns this case to the Clerk to assign a different judicial officer.[6]

**IT IS SO ORDERED**.

Dated: February 21, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[6] Also before the Court is a motion filed by non-party National Coordinating Committee for Multiemployer Plans ("NCCMP") for leave to file an *amicus curiae* brief. (Doc. No. 17.) Given the Court's recusal, it declines to rule on that motion and leaves it to the discretion of the judicial officer who will be newly assigned to the case.